IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:20-CR-00007-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JUAN MANZANARES-SOLIS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Juan Manzanares-Solis's Motion to Dismiss. (Doc. No. 14). Having carefully considered the motion, the Government's response, and all other relevant portions of the record, the Court will deny Defendant's motion to dismiss because a completely executed warrant of removal/deportation is not an essential element of the charged offense and the Government claims it can show through other types of evidence that Defendant was physically removed from the United States to Mexico on July 14, 2014.

## I.  BACKGROUND

Defendant, a citizen of Mexico, has been deported from the United States on at least three separate occasions in the last ten years. In 2010, he was convicted for violating 8 U.S.C. § 1325(a)(1) (improper entry by alien) in the United States District Court for the Southern District of Arizona and subsequently deported. (Doc. No. 1, at ¶ 7.f). In 2011, Defendant was convicted for illegal re-entry in the United States District Court for the Western District of North Carolina and committed to the custody of the Bureau of Prisons (BOP) for a time-served sentence. *Id.* at ¶ 7.h. He was deported on October 4, 2011. *Id.* at ¶ 7.i. Defendant was convicted a second time for illegal re-entry and a violation of the terms of probation or supervised release on April 9, 2013. *Id.*

1

at ¶ 7.l-m. He was committed to the custody of the BOP for six months. *Id.* On February 6, 2014, a warrant of removal/deportation was executed, and Defendant was removed to Mexico. *Id.* at 7.n.

The present case was initiated by Immigration Enforcement Agent Edmund D. Thomas. Agent Thomas filed a criminal complaint on January 2, 2020 alleging that Defendant violated 8 U.S.C. § 1326 by illegally re-entering the United States. Most relevant to the issues presented in this motion, Agent Thomas states that Defendant was served an agency form I-871 (Notice of Intent/Decision to Reinstate Prior Order), an agency form I-205 (Warrant of Removal/Deportation) was executed, and Defendant was removed from the United States to Mexico "by way of Laredo, Texas on foot" on July 14, 2014. *Id.* at 7.o-p. Defendant claims that this statement is, "at best," misleading and that his alien file does not contain an executed warrant of removal (I-205 form) for July 14, 2014. (Doc. No. 14, at 2). In light of the unexecuted warrant, Defendant claims the last deportation the Government can prove is February 6, 2014, which would make the indictment in this case barred by the statute of limitations and venue in the Western District of North Carolina improper.

The Government attached the relevant warrant of removal in its response to Defendant's motion to dismiss. (Doc. No. 15-1). It contains most of the relevant information relating to Defendant's removal from the United States to Mexico, including Defendant's photograph and fingerprint, but is missing the signatures of the immigration officers who witnessed Defendant's removal and the port, date, and manner of removal.

## II. LEGAL STANDARD

"The Government must prove two elements to convict a defendant of felony illegal reentry: (1) the defendant was 'deported[ ] or removed'[1] from the United States 'while an order of . . .

---

[1] The terms "removal" and "deportation" are interchangeable for purposes of § 1326. *See United States v. Moreno-Tapia*, 848 F.3d 162, 165 n.1 (4th Cir. 2017).

2

deportation[ ] or removal [was] outstanding,' and (2) the defendant subsequently 'enter[ed], attempt[ed] to enter, or [was] at any time found in, the United States' without authorization.'" *United States v. Guzman-Velasquez*, 919 F.3d 841, 844 (4th Cir. 2019) (quoting 8 U.S.C. § 1326(a)).

The statute of limitations for Section 1326 offenses is 18 U.S.C. § 3282, which mandates that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282; *see also United States v. Vargas*, 408 Fed. App'x 676, 677 (4th Cir. 2011). "Seven of the eight courts of appeals to determine the proper interpretation of § 1326's 'found in' clause as it relates to the five-year statute of limitations period have held or strongly intimated, by application of a 'constructive knowledge' principle, that the statutory period begins to run when immigration authorities know of defendant's physical presence and 'either know of or, with the exercise of diligence typical of law enforcement authorities, could have discovered the illegality of the defendant's presence.'" *Vargas*, 408 Fed. App'x at 679.

Title 8 U.S.C. § 1329 states that a prosecution for a violation of Section 1326 "may be instituted at any place in the United States at which the violation may occur." 8 U.S.C. § 1329; *see also United States v. Uribe-Rios*, 558 F.3d 347, 357 (4th Cir. 2009). "Courts have interpreted this provision as placing venue for a [S]ection 1326 offense in any district where an alien is 'found.'" *Uribe-Rios*, 558 F.3d at 357; *see also United States v. Herrera-Ordones*, 190 F.3d 504, 511 (7th Cir. 1999); *United States v. Hernandez*, 189 F.3d 785 (9th Cir. 1999).

## III. DISCUSSION

Defendant advances two arguments in support of his motion to dismiss. First, he argues that dismissal is required because the indictment is barred by the five-year statute of limitations for illegal re-entry offenses. Second, he argues that the Western District of North Carolina is not the proper venue because Defendant was not "found" in the district for purposes of 8 U.S.C. § 1326.

The Government opposes Defendant's motion arguing that a fully executed warrant is not necessary to prove a violation of 8 U.S.C. § 1326 and that it can prove that Defendant was deported on July 14, 2014 through other evidence. Because it can prove Defendant's removal on July 14, 2014, the Government contends that the statute of limitations has not run and venue in the Western District of North Carolina is proper.

**A. Statute of Limitations**

Defendant argues that because the Government cannot establish deportation after February 2014, the current indictment is barred by the five-year statute of limitations. Defendant contends that the Government cannot prove removal on July 14, 2014 because the warrant of removal/deportation was not completely executed. Rather, Defendant argues that his last deportation was months earlier, on February 6, 2014, and that he was subsequently found in the United States in June 2014. Thus, the Government had until July 2019 to indict Defendant. (Doc. No. 14, at 5).

The Government responds that it can prove Defendant was removed from the United States through evidence other than the warrant of removal/deportation. For instance, the Government submits that Defendant's own admissions and the testimony of the Immigration Officers who witnessed his removal are sufficient to show that Defendant was physically removed on July 14, 2014, and thus, the statute of limitations did not begin to run until Defendant was subsequently

4

found in Iredell County in December 2019 when immigration officials interviewed Defendant and positively identified him as a person who had been previously deported from the United States. (Doc. No. 15, at 4).

A fully executed warrant of removal/deportation is not an essential element of 8 U.S.C. § 1326. In *United States v. Mendoza-Lopez*, 481 U.S. 828, 834-35 (1987), the Supreme Court rejected the view "that a deportation is an element of the offense defined by § 1326 only if it is 'lawful,'" given that "[t]he text and background of § 1326 . . . indicate no congressional intent to sanction challenges to deportation orders in proceedings under § 1326." 481 U.S. at 834, 837. Only if the claimed illegality of the deportation rises to the level of a due process violation—specifically, the lack of meaningful judicial review of the [Immigration and Naturalization Service (INS)] administrative proceeding—then the deportation may not be used to establish an element of 8 U.S.C. § 1326. *Id.* For example, "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding." *Id.* at 837-38. "If the violation of [the alien's] rights . . . amounted to a complete deprivation of judicial review of the determination, that determination may not be used to enhance the penalty for an unlawful entry under § 1326." *Id.* at 840.

While the Government must show that the defendant had been previously deported, it is not required to introduce the warrant of removal. Other courts have recognized that a fully executed warrant is not a necessary element of 8 U.S.C. § 1326, but merely one way the Government can prove prior removal. *See, e.g.*, *United States v. Caballero-Anya*, 807 Fed. App'x 837, 842 (10th Cir. 2020) ("[Defendant's] reliance on cases holding that a prior removal may be shown by an executed warrant is misplaced. Those cases recognize that there are many ways for the government

5

Case 5:20-cr-00007-KDB-DCK   Document 18   Filed 07/10/20   Page 5 of 10

to prove the required element of a prior removal, including a warrant; they do not stand for the proposition that a warrant is necessary."); *cf. United States v. Bahena-Cardenas*, 411 F.3d 1067 (9th Cir. 2005) (holding that a warrant of deportation is admissible to prove physical removal in a deportation case); *United States v. Lopez*, 762 F.3d 852, 865 (9th Cir. 2014) (holding that an authenticated verification of removal by officer removing alien is sufficient to prove prior removal).

In *United States v. Mendez-Casillas*, 272 F.3d 1199 (9th Cir. 2001), the defendant was convicted of having illegally re-entered the United States following deportation in violation of 8 U.S.C. § 1326. He appealed his conviction to the Ninth Circuit on the ground that a clerical error rendered the warrant accompanying his prior deportation defective, and, therefore, the Government could not prove that he was previously arrested or deported as required under Section 1326. *Id.* at 1201. His warrant of deportation was unsigned by the appropriate INS district director, but other evidence showed that the defendant had been physically removed from the United States. The district court found that "even though [the] documentation may not have been executed perfectly," the procedure was not so flawed as to deny the defendant constitutionally adequate judicial review, and therefore constituted a valid deportation.[2] On appeal, the Ninth Circuit upheld his conviction, stating "in spite of the clerical defect in his warrant of deportation, Mendez-Casillas was legitimately arrested and deported in February 1994." *Id.* at 1204. The court noted that "it is well settled that the lawfulness of a prior deportation is not a required element of a § 1326 violation." *Id.* at 1206. The partially unexecuted warrant, along with the uncontroverted trial

---

[2] While the court's analysis was under an older version of Section 1326, the Government was still required to prove prior deportation. Moreover, the Ninth Circuit held that the district court's decision would be upheld under the prior version of Section 1326 as well as the current version of the statute. *Mendez-Casillas*, 272 F.3d at 1204.

6

testimony of the INS agents who accompanied Mendez-Casillas to the border crossing and Mendez-Casillas's own admissions, was enough to prove that Mendez-Casillas was previously deported. *Id.*

In another decision from the Ninth Circuit, the court upheld a jury verdict finding the defendant guilty of illegal re-entry when the signatures on the verification of removal were illegible and none of the Government's witnesses could identify the officers who had witnessed the defendant's removal.[3] *United States v. Lopez*, 762 F.3d 852, 856 (9th Cir. 2014). At trial, the Government proved physical removal by calling an agent (who the parties agreed was not one of the agents who had witnessed the defendant's prior removal) to testify to the typical removal process. He testified that the alien's fingerprint is placed on the verification of removal immediately before the alien is removed back to Mexico. In this case, not only were the signatures on the warrant of deportation illegible, but the Government never introduced a removal order for the defendant.[4] The defendant in *Lopez* moved for a directed verdict under Federal Rule of Criminal Procedure 29 because the Government failed to prove prior removal. The district court denied the motion, ruling that an order of deportation or removal is not a necessary element of a Section 1326 offense so long as evidence of physical removal has been introduced. *Id.* at 857. The Ninth Circuit agreed with the district court's ruling and rationale, affirming the verdict and holding that a deportation or removal

---

[3] The verification of removal the court references in this case contains the same information included in a warrant of removal. The verification of removal records the fact that an individual alien was removed from the United States. The alien's name, photograph, fingerprint, and signature all appear on the form, as does the departure date, port of departure, and manner of departure. It is then signed by a "verifying officer" and requires that officer to indicate his title.

[4] When a person is physically expelled from the United States, an immigration judge issues and signs an order of deportation or removal. Once that order is issued, a warrant of deportation or removal is prepared. *See United States v. Landeros-Mendez*, 206 F.3d 1354, 1356 (10th Cir. 2000). Courts have held that much like a warrant of removal, an order of removal is not required to establish a violation of 8 U.S.C. § 1326. *See, e.g.*, *id.* at 1357-57; *Lopez*, 762 F.3d at 856-57.

7

order need not be introduced at trial for the Government to meet its burden. *Id.* at 858 (stating that while the government must prove a prior removal, "this does not necessarily mean that where the government proves that the alien was actually removed, the government must also prove the existence of a deportation or removal order"). If a removal order can be proven by other evidence, so can a warrant of deportation.

Earlier this year, the Tenth Circuit issued an unpublished decision upholding a jury verdict finding the defendant guilty of illegal re-entry despite a discrepancy between the date of removal written on the warrant and the defendant's actual removal date. *Caballero-Anya*, 807 Fed. App'x at 842-43. While the defendant in *Caballero-Anya* stipulated that he was previously deported from the United States, the court recognized that the Government is not required to prove a prior removal solely through an executed warrant. *Id.* at 842.

Thus, it would appear that Defendant's claim that he was not deported can only survive if it rises to the level of a due process violation—a lofty standard that is hardly met by a clerical error on his deportation papers.[5] *See Mendez-Casillas*, 272 F.3d at 1206. In accordance with the various other courts to consider this question, the Court finds that a missing signature on the warrant of removal should not lead to the dismissal of the charge against Defendant, especially when the Government claims it can prove removal by other means. Because Defendant's most recent criminal activity in Iredell County was the first time he was encountered since returning illegally to the United States after being deported in July 2014, the statute of limitations began in December 2019 when immigration officials interviewed Defendant and positively identified him as a person who had been previously deported from the United States. *See Vargas*, 408 Fed. App'x at 679.

---

[5] Indeed, Defendant does not contend that he suffered a constitutional-level violation as a result of the immigration officers' failure to sign his warrant of deportation.

### B. Venue

Next, Defendant argues that venue is improper in the Western District of North Carolina because he was "found" in the Southern District of Texas. Since immigration officials knew about Defendant and his illegal status when they allegedly failed to deport him properly on July 14, 2014 while he was in their custody, Defendant submits that he was "found" in Laredo, Texas. He urges the Court to "interpret 8 U.S.C. § 1329 and 18 U.S.C. § 3237 'in the direction of constitutional policy,' and find that the venue statutes for 8 U.S.C. § 1326 do not permit a defendant to be 'found in' one district after immigration authorities have already discovered him in another." (Doc. No. 14, at 9).

This argument is largely dependent on Defendant's argument that the Government cannot show that he was removed in July 2014. However, because the Court finds that an executed warrant of removal is not a required element of the charged offense and that the Government may prove prior removal through other means, Defendant's second argument also fails. The Government claims that Defendant's most recent criminal activity in Iredell County was the first time he was encountered since returning illegally to the United States. Thus, he was "found in" the Western District of North Carolina and venue is proper in this district. Further, because 8 U.S.C. § 1326(a) is a continuing offense, the Government need not prove Defendant's whereabouts between July 14, 2014 and his being "found" by federal immigration officials in December 2019 in Iredell County. *See United States v. Uribe-Rios*, 558 F.3d 347, 354 (4th Cir. 2009) (citing with approval decisions treating 8 U.S.C. § 1326 as a continuing offense).

9

Case 5:20-cr-00007-KDB-DCK   Document 18   Filed 07/10/20   Page 9 of 10

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 14), is **DENIED.**

**SO ORDERED**.

Signed: July 10, 2020

Kenneth D. Bell
United States District Judge